

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Tom Seay
County Attorney
Amarillo, Texas

Dear Sir:

Opinion No. O-3200
Re: Whether Amarillo Independent
School District can make arrangements
with City of Amarillo to assess and
collect the District's taxes and
vice versa.

In our opinion No. 0-2152 we wrote you that upon abolishing their respective offices of Tax Assessor-Collector the Amarillo Independent School District and the City of Amarillo could require their taxes to be assessed by the county assessor and collector of taxes. Later in opinion No. 0-2687 we advised that the District could not have as its assessor and collector of taxes the Tax Assessor and Collector of the City of Amarillo. In your letter of February 19, 1941, you request us to write an opinion in response to the following questions:

"1. Can the Amarillo Independent School District make arrangements with the City of Amarillo to assess and collect the taxes for the Amarillo Independent School District? If so, what would be the procedure necessary to effect such act?

"2. Can the City of Amarillo make arrangements with the Amarillo Independent School District to assess and collect the taxes for the City of Amarillo? If so, what would be the procedure necessary to effect such act?"

Under the statutes as they now exist there is one man who can be made to assess and collect taxes for both the city and the District. That is the assessor and collector of taxes for the county, as pointed out in Opinion No.0-2152. In no other way, under present statutes, can the duties of assessing and collecting taxes for both the City and the District be combined and placed in one office. The District cannot use the City assessor and collector nor can the City use the District assessor and collector. Our reasons for this conclusion, it seems to us, are sufficiently set out in Opinion No. 0-2687, which gives reference to applicable statutes and authorities. Rather than repeat, we enclose herewith a copy of that Opinion.

As already mentioned we held in Opinion No. O-2152 that the duties of assessing and collecting taxes for the City and the District could be legally placed in the county assessor and collector. By the same token, they could be combined and placed in some other single office, by appropriate legislation. In this connection, however, we would call your attention to the fact that Article 3, Section 56, State Constitution, providing that the Legislature "shall not, except as otherwise provided in this Constitution, pass any local or special law * * * regulating the affairs of * * * cities * * * or school districts; * * * creating offices, or prescribing the powers and duties of officers in * * * cities, * * * orschool districts, " now applies to independent school districts, in view of the amendment made to Article 7, Section 3 of the State Constitution, effective in 1927. In other words, any statute of this nature to be valid would have to be a general one.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Glenn R  Lewis


By
     Glenn R. Lewis
     Assistant

GRL:js

APPROVED FEB. 27, 1941

s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY B. W. B. CHAIRMAN